## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JOHN C. ROYAL, | |
| Plaintiff, | CIVIL ACTION |
| v. | NO. 1:18-cv–03820-AT |
| CITY OF ATLANTA, *et al.*, | |
| Defendants. | |

## ORDER

Plaintiff John C. Royal ("plaintiff"), proceeding without counsel, seeks to file this civil action without prepayment of fees and costs or security therefor pursuant to 28 U.S.C. § 1915(a).  [Doc. 1].[1] Section 1915(a)(1) allows for the "commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor."  Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (per curiam) (second alteration in original) (quoting 28 U.S.C. § 1915(a)(1)).  "The Court's decision to grant *in forma pauperis* status is discretionary and should be bestowed only upon those who are truly indigent." Visconti v. Astrue, No. 3:08-cv-430-J-33MCR, 2008 WL 2385517, at *1 (M.D. Fla. June

---

[1] The document and page numbers in citations to the record refer to the document and page numbers listed in the Adobe file reader linked to this Court's electronic filing database, CM/ECF.

9, 2008), adopted at *1 (citations and internal marks omitted).  That is, "[t]his opportunity to proceed as an indigent in civil cases, created by statute, is not considered a right but a privilege, and should not be a broad highway into the federal courts."  Caldwell v. Providence Family Physician (Tillman's Corner) Seton Med. Mgmt., No. CA 04-0819-WS-C, 2005 WL 1027287, at *1 (S.D. Ala. Apr. 29, 2005) (citations and internal marks omitted).  Thus, "[a] trial court has wide discretion in determining whether to grant or deny a motion filed pursuant to § 1915." Countrywide Home Loans, Inc. v. Arazo, No. 8:10-CV-0412-T-30EAJ, 2010 WL 962948, at *1 (M.D. Fla. Feb. 23, 2010), adopted by 2010 WL 962951, at *1 (M.D. Fla. Mar. 16, 2010) (citing Martinez, 364 F.3d at 1306).

After consideration by the Court of plaintiff's affidavit of indigency, plaintiff's application to proceed in forma pauperis, [Doc. 1], is hereby **DENIED**.  Plaintiff has failed to completely fill out the form as he has not indicated how much cash he has on hand, how much money he has in any bank accounts or financial institutions, whether he has anyone who relies on him for support, whether he rents or has a mortgage payment on his home, and what his expenses total for each month.  [Id. at 2-5].  The limited information provided by plaintiff in his affidavit provides an insufficient basis for determining whether the requirements of 28 U.S.C. § 1915(a)(1) have been satisfied.

Accordingly, plaintiff is hereby **ORDERED** to either pay the appropriate filing fee to the Clerk or submit an amended affidavit in support of his application to proceed *in forma pauperis* in which he provides all of the information asked for in the affidavit and completely responds to all of the questions, including listing income from all sources, all the cash he has on hand, all of the money he has in any bank accounts or other financial institutions, all of the assets he owns, and the total monthly expenses he has, demonstrating that he is unable to pay the appropriate filing fee, within **fourteen (14) days** of the date of this Order.   Plaintiff is admonished that failure to comply with this Court's Order may result in dismissal of this action.[2]

**IT IS THEREFORE ORDERED** that plaintiff's application to proceed *in forma pauperis*, [Doc. 1], is **DENIED WITHOUT PREJUDICE**, and the Clerk's Office is **DIRECTED** to send plaintiff a new application to proceed *in forma pauperis*.  The Clerk is **DIRECTED** to resubmit this matter to the undersigned Magistrate Judge

---

[2] Plaintiff is further advised that even if he qualifies to proceed *in forma pauperis* after submitting a new application, his complaint will be subject to a frivolity review. See 28 U.S.C. § 1915(e)(2); Neitzke v. Williams, 490 U.S. 319, 324 (1989).

upon plaintiff's filing of a new application to proceed *in forma pauperis* or the expiration of **fourteen (14) days** from the date of this Order, whichever first occurs.

 **IT IS SO ORDERED**, this 15th day of August, 2018.

*Russell G. Vineyard*
 RUSSELL G. VINEYARD
 UNITED STATES MAGISTRATE JUDGE

4